Good morning. My name is Gary Singh. I represent Ms. Medina. I only see on the issue of mediation that Scott had raised, my client won't be willing to participate if the government is. Okay, we'll find out in a moment. I only see two issues over here. One, the prior counsel wasn't a factor. When they submitted them to the government, for example, the I-130, I-485 adjustment of status package, but that went directly to the court. So when Ms. Medina went before the judge, the judge did not have anything to rule on because in order for the judge to rule on a petition, she needs the government to approve the I-130, and that was not approved. When we got the I-130 approved, her faith was authenticated in Manila, the board would not reopen it. She's a married U.S. citizen, visa number is available, and the board denied it. As I understand the crux of your argument, it is that because marriage number one was null and void because of bigamy of the other party, not her, then when she married husband number two, it was perfectly legal, and she did nothing fraudulent, and her lawyer failed too, to follow the right steps. Because the attorney went before the court and conceded that the first marriage was valid, it's kind of hard for me to come back and argue. But we will still take the position that when she married a U.S. citizen, it was a valid marriage. So it's prior counsel's failure to demonstrate it and failure to follow the right steps, that's the key? That's the key. Counsel, did you file a disciplinary action against the prior counsel? Yes, Your Honor, my client filed it and it's still pending. Were those papers supplied to the INS? No, Your Honor. It's basically something between the client and the office of disciplinary counsel. Well, when you filed, when you claimed that you'd received ineffective assistance of counsel, did you indicate to the INS that you had filed a disciplinary matter? We just filed a complaint. We do not have the final argument. It's ongoing. I think Judge Bivey is wondering whether the Attorney General is aware that you're attempting to fulfill the requirements or have fulfilled the requirements in the matter of Lozada. I personally do not, but I always advise my clients to take the position of filing the complaint. Are you aware of the requirements of Lozada? Yes, I am, Your Honor. And what did your client do specifically to satisfy those requirements as demanded by Lozada? My client filed a complaint and awaiting for a decision by the office of disciplinary counsel. Once we get the decision, then we can forward that to the office. What did you file with the court? With the court? Nothing. Was a copy of the bar complaint served on the lawyer, to your knowledge? The... The bar complaint, your client's complaint against the previous lawyer for... Oh, yes. So it was served on the lawyer. Yes, because we had communication going back and forward indicating... They're asking more information as to what took place. But that, in the record of this case, we can't look anywhere to see that, can we? That's true. It's not in the... It's not filed in this record. I will visit my client. Okay, you may. Save all the rest for rebuttal if you'd like. I don't know him in general. Good morning, your honors. My name is Julia Doig Wilcox and I'm appearing on behalf of the respondent in this matter. What's in the record that you know of regarding the compliance by the petitioner with the requirements of Lozada in making its ineffective assistance of counsel claim? The only document in the record on that question is a copy of a letter that the petitioner herself sent to the disciplinary committee which, in brief, very brief terms, outlines her complaint. There is not substantial compliance with Lozada in this case. The record contains evidence from the alien outlining her agreement with the prior attorney and outlining in detail the basis for her complaint. There is no evidence in this record showing that she provided notice to that counsel and an opportunity to respond prior to filing of the motion to reopen. The only document which arguably could be considered to comply with Lozada is that letter to the disciplinary authority. However, the board in its decision on the motion to reopen here said that even if it could presume substantial compliance with Lozada, not deciding that legal question, but even if it presumed substantial compliance, that she had failed to show that she had suffered any prejudice as a result of this alleged ineffective assistance of counsel. And that could be shown by the fact that she did not have an approved visa petition at the time the motion was filed. Therefore, she was not statutorily eligible for adjustment of status. Does she now? There is extra record evidence presented by the petitioner that she has obtained approval from the DHS on the visa petition, but that was not in the record before the board when they decided the motion to reopen. I'll ask you the same questions I asked government counsel in the previous case. Is your client willing to either join in a motion to reopen or entertain mediation in this case? Not in this case, Your Honor, and I'd like to explain why not. This petitioner has a documented record of immigration fraud, and I'd like to point the Court's attention to some of the facts surrounding her entry into the United States. She applied for three non-immigrant visas which were denied in Canada prior to obtaining a visa in November of 1992. On the NSSA application, which is contained in the record at pages 319 to 320, she claimed that her sister was ill, and that was the reason she needed to return to the United States. On block 18, which is found at page 320 of the record, she indicated that she was... There's a question there. The question says, Are you married, single, divorced, separated, or widowed? She texts separated. On the second page of the non-immigrant visa petition... What year would that have been? That would have been November 27, 1992. And at that point, did she know that her first marriage was not valid? I don't... There was a time there where she thought she was married for many years here, and it turns out that her first marriage, her apparent marriage, was void ab initio, because she was a bigamist. And so there would have been a time there where she might have thought that she was separated from her husband, only to discover subsequently that the marriage had been void from the beginning. There's contradictory evidence on that, and it's found in two different pages of the non-immigrant visa petition. It's two pages long. The first page, she checked that she was separated, indicating that she was not with her husband. The second page, it asks, Are you married? And she wrote in, No. And, Do you have any children? She said, No. Of course, she was married to this first husband in the Philippines, and had three children with him. I'd also like to call your attention to the fact that it was her first husband in the Philippines who filed that document seeking judicial annulment of that marriage in March of 1999. And on page 267 of the record, which is one of the multiple copies of that Philippine court decree declaring that marriage to be null, the first husband indicated that both he and the petitioner knew that the officiant wasn't registered, and that the petitioner, quote, never wanted to be married as a marriage would imperil or prejudice her chances of going abroad. So that shows to me that she is not an innocent party to this fraud. That combined with the fact that she herself conceded that she committed fraud in the first adjustment of status proceedings, but which she did obtain a green card. All of this evidence that you've cited to us is in the record. Was any of this relied upon by the board? The board does not specifically discuss a lot of this evidence, although the board found that she had not... The board hasn't turned her down because she engaged in fraud in attempting to come into the United States previously. The board indicated that it was not going to look back and suggest the immigration judge's initial findings on the removal order. As you know, this case has been before the board on three occasions. First, the appeal from the removal order, from which no petition review was filed. Second, the first motion to reopen, from which this court is now looking at this. And as she indicated in her reply brief to this court, it had gone back to the board for a third time. So this court, the removal order against the petitioner, based on that charge of fraud, is final order. The board indicated... Is that order before us? Is that in the record? No, it is not. Okay, so that's extra record at this point. What you're telling us is if we were otherwise inclined to send this back to BIA, that it would be futile because the BIA now has an independent justification for turning her down. Not exactly, Your Honor. This court lacks jurisdiction if a timely petition for review isn't filed. And as to that first removal order, and the concession and finding of fraud, and the denial of everything that the judge decided, that is a final order. The only question before this court is whether the board abused its discretion in designing the motion to reopen, in which she sought to prove ineffective assistance of counsel, and that it ought to go back for a hearing on the adjustment of status application. But if she proves that her counsel was ineffective, and that things were really messed up at that earlier hearing, doesn't the board have the opportunity to correct a mistake, if indeed it made one? In such a case, the board might be, but that's not the case presented to this court. First, you do have the problem with compliance with the Lozada requirements, which is not evident in this record. Secondly, this first attorney, whom she now claims was ineffective, I don't see any evidence of ineffective assistance of counsel in this case at all. He indicated that he wanted to get to adjustment of status proceeding and seek a waiver for that fraud charge, which is available. He made strategic litigation decisions. But we don't have a determination that he wasn't ineffective, do we? Because the board has never considered that. The board did not make a finding that he was ineffective, but the board said that... The arguments you're making are maybe very, very good arguments, but they're not arguments that the BIA has ruled off. The board, obviously when it denied the most reopened, denied her claim of ineffective assistance. The board did not. It's one paragraph discussion, as you know, in the record, of the board's findings on that ineffective assistance. But I will tell you that the board gave her the benefit of the doubt, and it said that even if she did substantially comply with Lozada, she hasn't shown prejudice. Because in order to be statutorily eligible for adjustment of status, to get that green card based on that United States citizen marriage, she's got to have an approved visa petition, which she did not have at the time the case was before the immigration judge or before the court. But which she now has. Apparently, she does have one. But again, that's extra record evidence that this court ought not consider. Well, that brings me to a question. The last sentences of the BIA's order said that there's no approved visa petition in this case. The only evidence of bona fides of the marriage are the joint tax returns. This does not meet the clear convincing test of validity. So that's what our record shows. So if we went down your road, and if we went to the prejudice, we'd have to rely on what the findings in the record are right now, right? And that is that they said there's no satisfaction that they can see in the record that there's a visa petition, and that they're questioning the bona fides of marriage. That's what's in our record, right? Well, Your Honor, the board's decision again addresses both the ineffective assistance and that discussion of the prejudice issue. But it does go on to discuss whether the case could come under Velarde, which was decided after the immigration judge. That's my point. The point is that Velarde in that goes to the visa petition. And this record does not show clear and convincing evidence that bona fides of marriage. Exactly. So if we get over the first hurdle, and we get into whether or not there was prejudice, all we have in this record is the board saying there's not enough under Velarde. First of all, they haven't shown me a visa petition number two. It appears you haven't even shown the bona fides of the marriage. And that's where this case stops, okay? That's correct. Now, the next step is somebody has said that maybe there's a visa petition floating out there, right? Is that case number two, we finish this case, and whatever that is over there, somebody else takes care of? If the petitioner had an approved visa petition, and I will represent to the court that I understand that the service did subsequently approve one, her remedy at that point is to seek a motion to reopen, to get that evidence back before the board, show that she has the relative visa petition, and seek a- Okay, so we now have your admission, and you want to put in the record that there is a valid visa petition. But, Your Honor, that's only one part of the two- I know, we're doing a step at a time. Because if you don't admit that, then we've got a whole different world. But you're admitting there's a valid visa petition been issued to her. I do admit that, but that was not before the board at the point it made its decision. I know, but I'm saying, right now, you're telling us that. And the service is admitting that. That admission doesn't inert to the detriment of the service, Your Honor. Fine, that's fine. I'm just saying, so you're saying that what should happen is there should be another motion to reopen. The petitioner's remedy would be to file a motion to reopen. Since you admit this, I don't understand why you won't agree to the motion to reopen on the basis of the subsequent valid visa. Because she has a document of immigration fraud from the very start, before she even entered the United States for the first time. Well, why don't you just reopen and then say that? That would at least give her an opportunity to explain herself. But she can't even get there. She's had ample opportunity throughout the years to explain herself, Your Honor. And the point is that the board's decision in this case was not an abuse of its discretion. It made a decision on the record before it at the time. And that decision was correct as a matter of law. Well, we have a catch-22, though. The catch-22 is that not me or this court or this counsel has caused this. The government has issued her a visa petition. So it's a nullified document if she doesn't get a chance to somehow at least throw it against the BIA's determinative process. You're saying even though we've issued you a visa, it's null and void. It has no effect whatsoever. Had she followed the proper procedures, she would have had a remedy in this case. And she alleges that she didn't because she had an ineffective lawyer. It's just tough to ask. I mean, she's got a document that the government has issued to her. And the government says, but we will not consider it. We won't pay attention to it. We won't have a hearing about it. It just strikes me, speaking only for myself, that it's quite an unjustified position. There is a reason for the rules that are established. And since motions to reopen were originally a creature of regulation, they're now part of the statute. And the Supreme Court itself has said that they're disfavored and there ought to come an end to immigration proceedings. And this petitioner, particularly based on her egregious conduct throughout her interaction with the United States immigration process, has not shown that she is... The problem is you've admitted there's a visa petition out there. And as far as her prior record, you'd also admit it's not in the record before us. So you're arguing something to prevent the visa petition to be considered. It's not in the record. You're saying she's got a horrible past. It's not in our record. Yes, Your Honor. Would you like to pay for it? It's all over this record. But there's been no finding of such by the... You admitted there's been no finding of such by the board. That's not what they relied upon. The board said there was not clear and convincing evidence of the bona fides of the marriage. And although it didn't... Exactly. And that goes to the visa petition. Nothing else. It goes to the visa petition. It goes to the concession of fraud in this case. It goes to the fact that she was married and ineligible for admission to the United States under the status in which she was admitted. But she wasn't married. I said that's what... That was not a non-marriage. When it comes... There's a board decision called Matter of Magana, which discusses the impact of a subsequent annulment of a marriage. And this case is all in all fours with Magana. This individual does not merit a relation back of that annulment decree because she was not unmarried when she entered the United States. When she subsequently obtained that, there's a presumption of fraud. If the marriage in the contracting state, which would be the Philippines, is void ab initio, which I think is consistent with the laws of most states in the United States as well, then it's void ab initio and all she lacked was the decree or the formal recognition of that. But the marriage is null and void. As I understand the document, what void ab initio means is she was never lawfully married. That's what it says. But the Philippine Article 83, which is the applicable provision of their law, which governs this, presumes that you will go into court and obtain such an annulment decree. It doesn't presume that one need not take any action in order to achieve such recognition. Thank you, Counselor. We have taken all the rest of your time. Thank you. Mr. Singh, if you would like to, you may have some rebuttal. Very briefly, Your Honor. My client's I-130 petition was approved on November 7, 2003. Thereafter, I did file a motion to the Board and my understanding is that motion was denied because, again, they came back and said there was no bona fides of the marriage. Stop there. You said that the motion to reopen this proceeding was denied when you filed your approved visa. Yes, Your Honor. I did file a motion to reopen a proceeding, an emergency request for stay of removal proceeding. With that motion, I had an Exhibit A approved notice of the I-130 issued by the Honorable Law Office. Okay. And you're saying, this is outside of the record, but you're saying that motion has been denied because there was no proof of bona fide in the marriage under Villardi. Now, have you appealed that decision? No, Your Honor, because this appeal was pending. Well, that's not the question. Did you appeal the other denial? No, I did not. I was waiting for the outcome of this case. Okay. But I did file a motion with this court. So, if we hear correctly, all this discussion we had with the counsel for the government about what should happen next and whether you should be allowed to file a motion to reopen based upon this granting of the visa, that you've already done that, it's been denied, and you haven't appealed that. That's correct, Your Honor. I would like this court to rely on Patel v. John Ashcroft, case number 375, Federal Bill 693, which basically talks about the I-130 getting approved, which is sufficient enough for the board to reopen. Well, yes. It might be sufficient enough for the board to reopen, but it sounds like you've already had the hearing that would result from the reopening. In other words, you've already made your case to the INS, they've turned you down on that, and you haven't taken an appeal from that. So, why isn't all of this moved? This is moved because the board made an error when we filed a motion to reopen based on the I-130. You should have appealed that in the denial, which you haven't. It's not before. We're way outside of the record, but we got outside of the record because we were talking to counsel about the situation you were put in when the visa was granted. We've now found out the visa was granted, and the relief that might be granted has already been denied, and you haven't appealed it. In my reply memo, your Honor, I did discuss that the I-130, the motion is pending before the board. But you can't take issues in that determination and bring it up into this appeal. That's the problem. So, counsel, if we were to suggest that the board have used its discretion and instruct the board to reopen, hasn't the matter already been decided? Isn't it already raised judicata? No, your Honor. I think when I filed the motion to reopen based on an approved I-130, we believe that the board abused its discretion by saying, just because we have an approved I-130, it does not approve that it's a bona fide marriage. And there's a Ninth Circuit case on point talking about that. Right, but you haven't appealed that decision. To the Ninth Circuit, no, I did not. Okay, is your time for appeal expired? I believe so. When I filed the motion to stay with the Ninth Circuit, the Ninth Circuit issued an opinion saying they will not entertain any other motion on this case. Because my client was ordered removal. Could you say that again, please? I filed a motion for stay with the Ninth Circuit. It was labeled, Petitions reply to response, position to motion for reconsideration of order denying petitions, motion for stay of removal. And that was based upon your motion to reopen because of the visa petition, right? That was based on a petition for review and a motion to stay of the petition. Because of the denial of the visa petition being asked to be considered as change of status, that was denied by the board. You are now subject to deportation, so you filed a motion to stay that deportation. Yes. Why isn't that moved as appeal? In that motion, I did raise that my client has an I-130 approved. Oh, I understand that, but we've already told you by another panel that they won't even entertain a motion to stay the appeal based upon that denial. None of this has been appealed. When I filed that motion, I got a ruling from the court saying that they will not entertain any other motion on this case. Therefore, I took the position, well, I'll just come and submit what I have so far and take it from there. But surely our prior panel didn't mean that you couldn't take an appeal. I could have filed a new appeal if I wanted to, but when I got the response from the 9th Circuit saying they will not consider any other motion on this given case, I decided not to file a new appeal. Thank you. Do you have anything else you'd like to add? No, Your Honor, I don't. Thank you. The case just argued is submitted, and we will end where we thought we might be starting, with United States v. Yaeger. And I would ask...
judges: Brunetti, Graber, Bybee